Courts, in interest of justice may permit amendments to pleadings to conform to testimony; and in absence of evidence to the contrary, reviewing court will assume that court was justified by evidence, in permitting amendment. Phillips v. Stein, OA. 5 Abs. 532.

**953. PRIORITY.**

Oral agreement fixing priority of mortgages can be enforced between parties.

Roberts v. Kaufman, et, OA. 5 Abs. 529.

**997. REAL ESTATE.**

Court of Equity will not enforce transfer of legal title to real estate to enable grantee to take inequitable advantage of owner of adjoining parcel.

Orvetz, et v. Iroquois Realty Co., OA. 5 Abs. 534.

**1010. REFEREES.**

In trial before referee, exceptions must be taken in same manner as in court.

Roberts v. Kaufman, et, OA. 5 Abs. 529.

**1105. STATUTE OF FRAUDS.**

Oral agreement fixing the priority of mortgages can be enforced between parties.

Roberts v. Kaufman, et, OA. 5 Abs. 529.

**1228. VENDOR'S LIEN.**

Taking additional security beyond that of property sold is a waiver of vendor's lien.

Roberts v. Kaufman, et, OA. 5 Abs. 529.

**1247. WAIVER—Of defense—Peremptory Orders of Employers—**

Question as to whether there is waiver of defense of assumption of risk when employee is working under peremptory order of employer is question of fact to be submitted to jury under proper instructions. Maslek v. Penna. R. R. Co., OA. 5 Abs. 530.

**1261. WATER AND WATERCOURSES.**

1. Has the riparian owner in Ohio the exclusive right of hunting and fishing, and all other property rights, subject only to the easement of navigation, regardless of whether or not waters are navigable.

2. Is all water, which rises and falls with the water of Lake Erie, navigatable water, where it is deep enough to float a rowboat, or must such water be a means of intercourse and communication with points between which commerce, trade, or travel is conducted.

East Bay Sporting Club v. Miller, et, OS.P. 5 Abs. 536.

**1265. WEIGHT OF EVIDENCE.**

Reviewing court will not set aside verdict on weight of evidence unless record shows some striking fact or circumstance which is grave error to such a degree that it is shocking to the senses.

Spitz, et v. Spitz, OA. 5 Abs. 531.

---

## EPITOMIZED OPINIONS
### Published only in the Abstract

No. 584

### WAGAR v. SMITH

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7473.    Decided May 23, 1927.

Judges Mauck and Middleton, 4th Dist., Sitting.

**465. ERROR—Jury—It is not error for the court to permit legal argument by counsel, in the presence of the jury, wherein he cites and reads authorities and decisions which he claims are applicable to the case, when such argument of counsel is addressed directly to the court and where the court instructed the jury that such argument was for the court's benefit only.**

First Publication of this Opinion

MIDDLETON, J.

Virginia Smith brought suit against Mars Wagar in the Cuyahoga Common Pleas seeking to recover damages for injuries sustained in a collision between a machine in which she was riding and the one driven by Wagar; and which collision, it was alleged, was due to the negligence of Wagar.

Judgment was rendered in favor of Smith and error proceedings were instituted wherein Wagar claimed that the court erred in permitting counsel for Mrs. Smith, during part of his time for argument, to make an argument to the court and in the presence of the jury with reference to certain legal matters claimed to be applicable to the facts in the case and in support of which he read to the court, in the presence of the jury, several decisions and authorities.

Counsel for Wagar objected at the time to this argument, and the court in passing upon the objection said to the jury, in substance, that he would give them the law in the case and that they must follow the law as given by him; that the remarks being made by counsel were for the court's benefit; and the court thereupon overruled the objection.

The Court of Appeals held:—

1. There was no error in the action of the court in this behalf. Not only did the court call the jury's attention at the time to their duty and the court's duty in the matter; but the argument was presented directly to the court and not to the jury. This practice is supported by the authorities.

2. "Law books are cited and used as evidence—and it would seem to be reasonable and the correct doctrine that this evidence should be addressed to the court—and not the jury;

but we see no objection to this being done in the hearing of the jury—etc." McGuire v. State, 3d Circuit Court, at page 555.

3. Failure of counsel for Wagar to request further specific instructions on the subject of the negligence of the driver of the machine in which Mrs. Smith was riding, precludes them now complaining; but the matter was clearly placed before the jury so that there is no reason to believe they did not understand the legal relation of both drivers.

4. There is such conflict in the evidence that a reviewing court would not be warranted in holding that the verdict is against the manifest weight of the evidence, and that the jury was manifestly wrong in believing either the statements of the plaintiff and her witness, or the defendant, in the trial below.

Judgment is affirmed.

(Mauck, PJ., concurs.)

Attorneys—Ford & Kiefer for Wagar; B. J. Hopple for Smith; all of Cleveland.